**LAZY D DIAMOND RANCH, INC., aka Lazy D Diamond, Inc.; Bennie Lee Danelson, Bennie Lee Danelson, Inc., Plaintiff–Appellant,**

v.

**U.S. DEPARTMENT OF AGRICULTURE, Defendant–Appellee.**

No. 99–35622.

D.C. No. CV–98–00089–JDS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2001.

Decided Feb. 20, 2001.

Before RYMER, THOMAS, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Appellants Lazy D Diamond Ranch, Inc., Bennie Lee Danelson, and Bennie

* This disposition is not appropriate for publication and may not be cited to or by the courts

Lee Danelson, Inc. appeal from the district court's order granting summary judgment to Appellee United States Department of Agriculture ("USDA") in Appellants' action seeking declaratory relief and a permanent injunction prohibiting the enforcement of a promissory note and seeking the disbursement of farm subsidies that the USDA had held as offset for the debt. We affirm in part and vacate and remand in part.

■ Because the parties are familiar with the facts, we do not recite them here. With a few exceptions not relevant in this case, a discharge in a Chapter 12 bankruptcy does not discharge co-debtors if the reorganization plan does not address co-debtor liability. *See* 11 U.S.C. § 524(e) ("Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."); *Underhill v. Royal,* 769 F.2d 1426, 1432 (9th Cir.1985). Under the circumstances here, neither confirmation of the Lazy D Diamond Ranch, Inc., Chapter 12 reorganization Plan, nor the subsequent discharge of the debtors, operated to discharge Bennie Lee Danelson from his individual liability as a co-maker of the 1979 loan extended by the Farmers Home Administration ("FmHA").[1]

Danelson argues that the Chapter 12 Plan required the FSA to make and Lazy D Diamond Ranch, Inc. to execute a new promissory note memorializing the repayment terms set forth in the Chapter 12 Plan. He argues that this new note was to be a novation of the debt which would release the obligations of the individual co-makers of the 1979 note. We need not address the speculative question of the effect of such a note because no new note

was ever executed. We also do not address whether any party has any remaining remedies in bankruptcy court to resolve this issue.

■ We are hampered in our review of the merits because of an incomplete district court record with respect to the administrative proceedings and an appellate excerpt of record that does not comply with Circuit Rule 30–1.5. The parties apparently commenced administrative proceedings in connection with FSA's setoff of monies owed Danelson under the Department of Agriculture Conservation Reserve Program. The parties apparently agreed to stay the administrative appeal and proceed with a declaratory judgment action in federal court, in part because of the bankruptcy issue. The district court entered an order declaring the rights of the parties. Because the parties had not completed the administrative process and thus had not exhausted their administrative remedies, the district court action was premature. Thus, we vacate the district court order and remand with instructions to remand to the USDA.

In sum, we affirm the judgment of the district court that the confirmed Chapter 12 bankruptcy plan entered into by Lazy D Diamond Ranch, Inc. did not relieve Bennie Lee Danelson of his obligations under the 1979 note. We vacate that portion of the district court's order purporting to determine the rights of the parties with regard to the FSA's attempted exercise of its offset rights with instructions to the district court to remand this question to the appropriate administrative body in the USDA. We express no opinion as to any other issue in the case, including whether there exists a common law offset right

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The FmHA is now known as the Farm Service Agency ("FSA").

independent of 31 U.S.C. § 3716 in this context.

AFFIRMED IN PART; VACATED AND REMANDED IN PART. Each party to pay its own costs on appeal.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.